# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENG, XUE RONG, <br><br> Petitioner, <br><br> v. <br><br> XAVIER BECERRA, et al., <br><br> Respondents. | Case No.: 18cv137-CAB-BGS <br><br> **ORDER STAYING PETITION UNTIL JUNE 22, 2018 PENDING REMOVAL DEVELOPMENTS** |

Petitioner Zheng, Xue Rong is a detainee in the custody of the United States Immigration and Customs Enforcement ("ICE"). On January 19, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Doc. No. 1.] Petitioner contends that she is being indefinitely detained in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). On February 21, 2018, Respondents filed a return to the petition. [Doc. No. 3.] On March 5, 2018, Petitioner filed various documents in reply. [Doc. No. 5.][1]

## FACTUAL BACKGROUND

Petitioner is a native and citizen of China who was apprehended upon her

---

[1] The documents consist primarily of a letter from Petitioner's brother, who is a permanent resident, that he is willing to be responsible for her custody. These documents, while perhaps relevant to whether Petitioner is a flight risk, are not relevant to the immediate question before the Court, which is whether the continued detention of Petitioner is reasonable.

attempted entry into the United States on January 25, 2016. [Doc. No. 1 at 3.] On February 18, 2016, ICE filed a Notice to Appear with the Immigration Court, charging Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who is present without having been admitted or paroled. [Doc. No. 3-1 at 7-9.] On May 20, 2016, November 4, 2016, January 3, 2017, and May 11, 2017, immigration judges denied Petitioner's requests for a change in her custody status. [Doc. No. 3-1 at 10-14.] On June 21, 2017, an immigration judge denied Petitioner's applications for relief from removal and ordered her removed to China. [Doc. No. 3-1 at 15-17.] The order became final on July 21, 2017, when Petitioner failed to file a notice of appeal with the Board of Immigration Appeals. See 8 C.F.R. § 1003.39 (a removal order becomes final "upon expiration of the time to appeal if no appeal is taken").

On September 22, 2017, ICE sent an application for Petitioner's travel documents to the Chinese consulate in Los Angeles. [Doc. No. 3-1 at 3-6, Declaration of Patrick Noble, at ¶ 5.] From September 2017 to February 2018, the status of the application for Petitioner's travel documents remained "verifying." *Id.* at ¶ 6. On September 28, 2017, ICE issued a Decision to Continue Detention after finding that Petitioner was a flight risk. [Doc. No. 3-1 at 18-19.] On December 13, 2017, ICE issued a Decision to Continue Detention after finding that a travel document for Petitioner's return to China was expected. [Doc. No. 3-1 at 20-21.] In April 2018, if the application for a travel document is still pending, ICE in El Centro will request assistance from ICE's Headquarters Travel Document Unit ("HQTDU"). [Doc. No. 3-1 at 3-6, ¶ 7.]

The Chinese consulate, on average, takes longer than other consulates to issue travel documents. [*Id.* at ¶ 8.] ICE in Calexico has been consistently successful in obtaining travel documents from the Chinese consulate. Id. In 2017, the office obtained travel documents from China for six aliens. [*Id.* at ¶ 9.] Of the six travel documents issued, the applications were pending between three and nine months. [*Id.* at ¶ 10.] As of the date of this order, Petitioner's application for a travel document has been pending for six months.

## DISCUSSION

A. Legal Standard.

A district court may issue habeas corpus relief where a petitioner demonstrates that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 confers jurisdiction upon federal courts to consider challenges to the detention of aliens in removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *Zadvydas*, 533 U.S. at 637. Although the READ ID Act of 2005, Pub.L.No. 109–13, Div. B., 119 Stat. 231 (May 11, 2005) eliminated district court jurisdiction over habeas corpus petitions challenging final orders of removal, district courts retain jurisdiction over section 2241 petitions challenging the legality of an alien's detention. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–76 (9th Cir. 2006).

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90–day 'removal period.' " *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) (citation omitted); 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final;
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B); *see also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004). During the 90–day removal period, continued detention is required until the alien is actually removed. 8 U.S.C. § 1231(a)(2). Where removal cannot be accomplished within the 90–day removal period, continued detention is authorized by 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) did not authorize the Immigration and Naturalization Service ("INS") to detain an alien awaiting removal "indefinitely" beyond the statutory 90–day removal period. 533 U.S. at 689. Rather, the

Supreme Court construed the statute to contain an implicit "reasonable time" limitation. *Id*. at 682. The Court held that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id*. at 682, 689. The Court determined that six months was a presumptively reasonable period of detention. *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. If the Government fails to rebut the alien's showing, then the alien is entitled to relief. *See e.g., Chun Yat Ma v. Asher*, 2012 WL 1432229, at *5 (W.D. Wash. Apr. 25, 2012) (granting habeas relief and ordering petitioner released from custody after eleven month delay in removing petitioner to China). "For detention to remain reasonable, as the period or prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

   B.  Analysis.

Petitioner's removal order became final on July 21, 2017.  ICE has been diligent in seeking travel documents from the Chinese consulate since September, 2017.  ICE has also provided evidence that the process of obtaining travel documents from the Chinese consulate normally takes three to nine months.  As of the date of this order, the application for Petitioner's travel documents has been pending for six months.  While Petitioner has been held approximately three months beyond the presumptively reasonable period established in *Zadvydas*, it is too early to conclude that removal efforts will not be successful within the next few months.  Therefore habeas relief is not warranted at this time.  *See Zhao v. Kelly*, No. CV 17-777-BRO(KES), 2017 WL 1591818, at *4 (April 27, 2017)(habeas relief not warranted where application for travel documents from Chinese consulate was pending and petitioner had been detained for nine months).

Nevertheless, the delay in obtaining travel documents is concerning. Therefore, the Court finds that the most appropriate course of action is to stay this case until June 22, 2018.[2]

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

(1) this action is **STAYED** until **June 22, 2018**;

(2) Respondent shall file a status report every 30 days (on **April 21, 2018**, **May 21, 2018**, and **June 21, 2018**) detailing the diligent efforts undertaken to obtain Petitioner's travel documents.

**IT IS SO ORDERED**.

Dated: March 22, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] A trial court has the inherent authority to stay a habeas proceeding as long as the stay is not indefinite. *Zhao*, 2017 WL 1591818, at *4 (citations omitted)(three month stay of habeas case warranted where there was a delay in obtaining travel documents from Chinese consulate).